## THE SERVIA.[1]

### MILES v. THE SERVIA.

*(District Court, S. D. New York. January 22, 1891.)*

SHIPPING—PERSONAL INJURY—STEVEDORE—FELLOW-SERVANTS—EFFICIENT CAUSE.

As libelant was loading iron in the hold of a steam-ship, a skid, in ascending to the deck, caught under one of the coamings of a hatch, and the knot in one corner of the skid pulled out, causing the iron on the skid to fall upon the libelant. The evidence showed no defect in the skid, or the ropes or the lanyard; that the efficient cause of the accident was the negligence of the guy-tender or of the engineer, in allowing the skid to catch and in not stopping the engine. *Held,* that they were fellow-servants with libelant, and that the only obligation of the ship was to see that the instruments used were reasonably sound and fit for the service, and libelant could not charge the ship for the accident resulting from the negligence of fellow-servants.

In Admiralty. Suit for personal injuries.

*H. H. Shook,* for libelant.

*Owen, Gray & Sturges,* for claimant.

BROWN, J. On the 15th of May, 1890, while the libelant was engaged, as longshore-man, in the hold of the Servia, loading Spiegel iron upon skids in the discharge of cargo, the iron upon another skid, going up from the opposite side of the same hatch, fell, and struck him on the hip and back, producing injuries, to recover for which the above libel was filed. The uncontradicted evidence is that the skid from which the iron fell in being raised caught under one of the coamings when part way up, and that one of the lanyards that went through the corner of the skid was pulled through the hole in the corner, through the knot by which it was secured beneath being pulled out, in consequence of which that corner of the skid dropped, and the iron slid off. The evidence does not show any defect in the skid, or in the ropes, or in the lanyards; and the rigger testified to proper previous inspection, and that the knots were tight and secure, and protected in the same way that was customary, and which has been long in use without any previous accident, and that after the accident he examined the lanyard that was pulled through, and found it in perfect condition, except that the knot was pulled out. The man who tended the falls, and whose business it was to keep the skid as it neared the top away from the coamings, stated that, when he saw that the skid was likely to catch, he rang the signal to stop hoisting, as had been done once before on the same ascent, but that the raising was not stopped quick enough, and that the strain resulted in the accident above stated. It would be mere guess-work upon such facts to hold that the skid or knot by which the iron was raised was either out of order, or not reasonably fitted for the work, merely because the knot, under such a strain, was pulled out. When the skid was caught fast under the coamings, and the strain of a powerful engine like this was

[1] Reported by Edwa d G. Benedict, Esq., of the New York bar.

continued, something, evidently, must give away. T` ` derrick might come down, the ropes part, the falls, the hook, or the skid break, or the knot yield; whichever happened, somebody would be likely to be hurt. The obligation of the ship or owner, in such cases, is not that of a guarantor against all accidents, but only that the instruments used shall be reasonably sound and fit for the service. He does not guaranty that machinery or ropes shall not break or yield, under whatever strain, when misused or carelessly worked. The evidence in this case leaves no doubt of negligence of the guy-tender or engineer in letting the skid catch fast, and in not sooner stopping the engine. That was negligence of a fellow-servant, for which the ship is not liable; and that was the efficient cause of the accident. There is not sufficient proof of negligence on the ship's part back of that, contributing to the injury, so as to make the ship liable. The case is substantially like that of *Stringham* v. *Hilton*, 111 N. Y. 188, 198, 18 N. E. Rep. 870. Libel dismissed.

END OF VOLUME 44.